IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MICHELE POLAND**, *Individually, and on behalf herself and others similarly situated*,

Plaintiff,

vs.

**SPRINGS WINDOW FASHIONS, LLC**,
*a Delaware Limited Liability Company,*

Defendant.

Case No. _____

FLSA Collective Action
**JURY DEMANDED**

---

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Michele Poland ("Plaintiff"), individually, and on behalf of herself and others similarly situated as a class, sues the Defendant, Springs Window Fashions, LLC ("Defendant") and alleges as follows:

### INTRODUCTION

1. Plaintiff was employed by Defendant and brings this action for unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Defendant manufactures and distributes home furnishing products such as window blinds, shades, panels and drapery hardware throughout the United States.

3. This action is intended to include each and every similarly situated Field Sales Representative who has worked for Defendant anywhere in the United States at any time within the past three (3) years.

4. Defendant is and/or has been the "employer" of Plaintiff and those similarly situated within

1

the meaning of 29 U.S.C. § 203(d) of the FLSA.

5. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

6. During Plaintiff's employment with Defendant, Defendant employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce.

7. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendant to perform work in this District and said Defendant has conducted business within this District at all relevant time periods to this action. In addition, a substantial part of the events, commissions, inactions and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

10. Defendant is a Delaware Limited Liability Company with its principal address located at 7549 Graber Road, Middleton, Wisconsin 53562-1001. According to the Tennessee Secretary of State, Defendant may be served through Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

11. Plaintiff Michele Poland is an adult citizen of the United States and was employed by Defendant as a Field Sales Representative in at all times relevant to this action. Plaintiff Poland's "Consent to Join" is attached as *Exhibit A*.

## FACTUAL ALLEGATIONS

12. Named Plaintiff and those similarly situated worked as Field Sales Representatives for Defendant during the relevant statutory period.

13. During their employment with Defendant, Plaintiff and other Field Sales Representatives were classified as "exempt" from the overtime provisions of the FLSA.

14. Defendant employed Plaintiff and many other similarly situated employees throughout the country whose job duties were similar to Plaintiff and who were compensated in a similar manner as Plaintiff.

15. Defendant classified Plaintiff and other Field Service Representatives as salary exempt employees and based their salary on a forty (40) hour work week even though they were required to work well over forty (40) hours per week due to their job duties and responsibilities.

16. A review of the job duties and responsibilities of Plaintiff and other similarly situated Field Service Representatives show they should have been classified as non-exempt employees under federal law and, as a consequence, paid overtime compensation for all hours worked over forty (40) per week.

17. At all times, Plaintiff was misclassified by Defendant as an exempt employee. However, Plaintiff's duties made her a non-exempt employee under the FLSA because Plaintiff:

    a. did not exercise discretion or independent judgment with respect to matters of significance or in performing her primary duties;

    b. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

    c. did not carry out major assignments in conducting the operations of the business;

    d. did not perform work that affects business operations to a substantial degree;

    e. did not have the authority to commit the employer in matters that have significant financial impact;

    f. did not have the authority to waive or deviate from established policies and procedures without prior approval;

    g. did not have the authority to negotiate and bind the company on significant matters;

    h. did not provide consultation or expert advice to management;

    i. was not involved in planning long- or short-term business objectives;

    j. did not investigate or resolve matters of significance on behalf of management; and

    k. did not represent the employer in handling complaints, arbitrating disputes, or resolving grievances.

18. Plaintiff and others similarly situated Field Service Representatives were required to complete reports, company related paperwork, and engage in work-related communications for Defendant, typically occurring after each full eight (8) hours of work per week day as well as on weekends, for which time they were not paid at the rate of one and one-half times their regular hourly rate of pay within weekly pay periods during all times material. This resulted in Plaintiff and, on information and belief, similarly situated Field Service Representatives performing approximately forty-eight (48) to fifty (50) hours of work per week on behalf of Defendant.

19. Plaintiff and the putative class were not compensated at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) per work week.

20. Plaintiff and similarly situated Field Services Representatives were classified as "sales representatives," yet they made no internal or external sales on behalf of Defendant,

whatsoever.

21. Instead, their job duties consisted of training Defendant's customers and their employees at the respective customer's locations about Defendant's products, as well as providing "customer services" to such customers.

22. As a result, Plaintiff and similarly situated Field Sales Representatives were misclassified as exempt from the FLSA's overtime provisions and have not been paid overtime compensation for all work hours over forty (40) within weekly pay periods during all times material, as required by the FLSA.

23. Defendant misclassified and treated Plaintiff and other similarly situated Field Sales Representatives as exempt from overtime because it was in their financial interest to do so.

24. As a consequence, Defendant failed to pay Plaintiff and the putative class overtime compensation for all hours worked over forty (40) within weekly pay periods during the relevant statutory period.

25. In addition and at all times material, Defendant has had a common plan, policy and practice of failing to properly include non-discretionary bonuses paid to Plaintiff and similarly situated Field Sales Representatives in determining their regular hourly rate of pay in the calculation of their (unpaid) overtime compensation in weeks in which they worked more than forty (40) hours.

26. As a consequence, the unpaid overtime compensation owed to Plaintiff and Class Members for weeks in which they worked in excess of forty (40) hours and also received non-discretionary bonuses should be calculated to include these non-discretionary bonuses.

27. Defendant willfully and with reckless disregard to established FLSA overtime requirements, failed to include non-discretionary bonuses paid to Plaintiff and similarly situated Field Sales

Representatives in determining their hourly rate of pay in the calculation of their overtime compensation in weeks in which they worked more than forty (40) hours.

28. Defendant knew, and was aware at all relevant times it was failing to pay the proper overtime compensation to Plaintiff and similarly situated Field Sales Representatives, and was without a good faith basis for such inaction.

29. As a result of Defendant's bad faith and willful failure to pay Plaintiff and Class Members in compliance with the requirements of the FLSA, Plaintiff and Class Members have suffered lost wages in terms of lost overtime compensation, as well as suffered other damages.

30. Defendant has violated the FLSA by its failure to pay Plaintiff and similarly situated (misclassified) Field Sales Representatives complete and proper overtime compensation for overtime hours worked per week within weekly pay periods during the relevant statutory period.

31. The net effect of Defendant's common plan, policy and practice of misclassifying Plaintiff and similarly situated Field Sales Representatives as "exempt" from overtime compensation and failing to include non-discretionary bonuses in calculating the (unpaid) overtime compensation owed to Plaintiff and Class Members was a means to save payroll costs and payroll taxes, all for which it has unjustly enriched itself and enjoyed ill gained profits at their expense.

## CLASS DESCRIPTION

32. Plaintiff brings this action on behalf of the following similarly situated persons:

    All current and former persons who were employed by Springs Window Fashions, LLC ("Defendant") and classified as a Field Sales Representative in the United States at any time during the applicable statutory period covered by this Collective Action Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## **COLLECTIVE ACTION ALLEGATIONS**

33. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

34. Plaintiff bring this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

35. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

36. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there more than one-hundred and fifty (150) individuals in the class.

37. The claims of Plaintiff are typical of the claims of the class. Plaintiff and the other members of the class work or have worked for Defendant and were subject to the same operational, compensation and pay plans, policies, and practices, including the failure of Defendant to pay Plaintiff and class members overtime compensation for all hours worked in excess of forty (40) hours within weekly pay periods during all times relevant to this action.

38. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

    - Whether Defendant required Plaintiff and other members of the class to work hours in excess of forty (40) per week within weekly pay periods of the limitations' period, without being compensated at one and one-half times their regular hourly rate of pay for all such overtime hours;

- Whether Plaintiff and other members of the class were exempt from the FLSA overtime requirements during times relevant to this action;

- Whether Defendant failed to pay Plaintiff and other members of the class all applicable overtime wages for all hours worked in excess of forty (40) hours per week within weekly pay periods during all times relevant to this action;

- How Defendant should calculate the regular rate of pay for purposes of determining the overtime rate of pay for Plaintiff and similarly situated Field Sales Representatives for weeks in which they worked more than forty (40) hours and also received non-discretionary bonuses.

- The correct statutes of limitations for Plaintiff's claims and the claims of the other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and

- Whether Defendant is liable for interest, attorneys' fees and costs.

39. Plaintiff will fairly and adequately protect the interests of the class as her interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

40. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for other members of the class to individually seek redress for the wrongs done to them.

41. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful pay policies, practices, and procedures implemented and administered by Defendant.

42. Defendant is unable to bear its burden of showing that Plaintiff and those similarly situated fall within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, 541.304, or 541.500.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

43. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

44. Plaintiff and other similarly situated Field Sales Representatives were misclassified by Defendant as overtime-exempt employees when were/are entitled to overtime compensation.

45. During their employment with Defendant, Plaintiff and other Field Sales Representatives worked more than forty (40) hours per week within weekly pay periods but were not paid overtime compensation as required by the FLSA.

46. Defendant failed to properly include non-discretionary bonuses paid to Plaintiff and similarly situated Field Sales Representatives in determining their regular hourly rate of pay in the calculation of their (unpaid) overtime compensation in weeks in which they worked more than forty (40) hours and, without a good faith basis for such failure.

47. Defendant did not have a good faith basis for misclassifying Field Sales Representatives as exempt and Defendant is unable to bear its burden of demonstrating that Plaintiff and other class members fall within any of the FLSA overtime exemptions, including the outside sales exemption.

48. Defendant's failure to pay Plaintiff and class members one and one-half times the proper

regular hourly rate of pay for all hours worked in excess of forty (40) per week within weekly pay periods during all times material was willful and with reckless disregard to established FLSA overtime compensation requirements.

49. As a result of Defendant's intentional, willful and unlawful acts in failing to pay Plaintiff and other class members complete overtime compensation, Plaintiffs and other Field Sales Representatives have suffered damages plus incurring reasonable attorneys' fees and costs.

50. The unpaid overtime claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA violations.

51. As a result of Defendant's willful violation of the FLSA, Plaintiff class members are entitled to liquidated damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, individually and on behalf of herself and all other similarly situated members of the class, demands judgment, jointly and severally, against Defendant and request this Court grant the following relief:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime to Plaintiffs and other members of the class;

C. An award of liquidated damages to Plaintiff and other members of the class;

D. An award of prejudgment interest (to the extent liquidated damages are not awarded) and

post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. A Declaration that Plaintiff and other members of the class were misclassified as exempt and entitled to unpaid overtime damages to be proven at trial;

H. A Declaration that Defendant willfully violated the FLSA;

I. Award a reasonable incentive award for the Plaintiff to compensate her for the time and effort she has spent protecting the interests of other class members and the risks she has undertaken in doing so; and

J. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

| | |
|---|---|
| Dated: July 8, 2020. | Respectfully Submitted, |
| | *s/ Gordon E. Jackson*<br>Gordon E. Jackson (TN BPR #8323)<br>J. Russ Bryant (TN BPR #33830)<br>Robert E. Turner, IV (TN BPR #35364)<br>Nathaniel A. Bishop (TN BPR #35944)<br>Robert E. Morelli, III (TN BPR #037004)<br>B. Alan Matthews (TN BPR #37828)<br>**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**<br>Attorneys at Law<br>262 German Oak Drive<br>Memphis, Tennessee 38018<br>Telephone: (901) 754-8001<br>Facsimile: (901) 754-8524<br>*gjackson@jsyc.com*<br>*rbryant@jsyc.com*<br>*rturner@jsyc.com*<br>*nbishop@jsyc.com*<br>*rmorelli@jsyc.com*<br>*amatthews@jsyc.com*<br><br>***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED*** |